No. 24-1355

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

———————————

BROC T. WALTERMEYER,

Plaintiff-Appellant,

v.

ROBERT HAZLEWOOD, Warden, FCI Berlin; DIANE L. KISLER, Physician, FCI Berlin,

Defendants-Appellees.

———————————

On Appeal from the U.S. District Court
for the District of New Hampshire
No. 1:19-CV-233, Hon. Landya McCafferty

———————————

## Supplemental Appendix

———————————

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney
  General*

SARAH CARROLL
JAYNIE LILLEY
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7321*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-3542*

# TABLE OF CONTENTS

**Page**

District Court Order Approving Report and
Recommendation of Nov. 27, 2019, Dkt. 19
(Feb. 23, 2020) ....................................................................Supp. App. 1

Report and Recommendation, Dkt. 32
(April 13, 2023)...................................................................Supp. App. 2

Order Approving Report and Recommendation
of April 13, 2023, Dkt 34 (May 26, 2023) .......................Supp. App. 20

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Broc T. Waltermeyer

        v.                                    Case No. 19-cv-233-LM

FCI Berlin, Warden et al.


ORDER


    No objection having been filed, I herewith approve the

Report and Recommendation of Magistrate Judge Andrea K.

Johnstone dated November 27, 2019.  "'[O]nly those issues fairly

raised by the objections to the magistrate's report are subject

to review in the district court and those not preserved by such

objection are precluded on appeal.'"  School Union No. 37 v.

United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010)

(quoting Keating v. Secretary of Health & Human Servs., 848 F.2d

271, 275 (1st Cir.1988)); see also United States v. Valencia-

Copete, 792 F.2d 4, 6 (1st Cir. 1986) (after proper notice,

failure to file a specific objection to magistrate's report will

waive the right to appeal).

                                      _____
                                      Landya B. McCafferty
                                      Chief Judge

Date: February 3, 2020


cc: Broc T. Waltermeyer, pro se
    Michael T. McCormack, Esq.


**Supp. App. 1**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Broc T. Waltermeyer

       v.                         Case No. 19-cv-233-LM

Warden, FCI Berlin, et al.

**REPORT AND RECOMMENDATION**

      Plaintiff Broc T. Waltermeyer, who is proceeding pro se, filed this civil rights action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcs., 403 U.S. 388 (1971), while he was incarcerated at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin").  In this action, Mr. Waltermeyer asserts claims against (former) FCI Berlin Warden Robert Hazelwood, FCI Berlin physician Diane L. Kistler, and unidentified "John Does and Jane Roes 1-30."  Doc. No. 20, at 1.

      Before the Court for a Report and Recommendation ("R&R") as to disposition is Mr. Waltermeyer's "Motion Requesting Permissive Joinder and Dropping of Parties" (Doc. No. 28).  Also before the Court are the factual assertions in Document Nos. 1, 12, 13, 20, 25, 27, and 28, which are construed, in the aggregate, to comprise Mr. Waltermeyer's third amended complaint ("TAC").  The TAC, which the Court deems to be the operative complaint in this matter, is before this Court for preliminary review under 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).

**<u>Background</u>**

I.   <u>Facts Asserted in the TAC</u>

    A.   <u>2003 - 2018</u>

Mr. Waltermeyer arrived at FCI Berlin on May 3, 2018. Prior to that date, he served time in several Federal Bureau of Prisons ("BOP") facilities.  Mr. Waltermeyer alleges that in 2003, while he was incarcerated in a federal prison, he was diagnosed with Hepatitis C.  In 2006, at a different federal prison, an unidentified "John Doe" told Mr. Waltermeyer that because of his Hepatitis C diagnosis, he would not live past age fifty.

Mr. Waltermeyer states that, beginning in 2011, he reported problems with his knees to the Health Services Unit at each BOP facility in which has been incarcerated.  He claims that at each of those facilities, medical providers failed to provide him with adequate medical care for his knee problems, and that the condition of his knees worsened at each facility.

In 2016, Mr. Waltermeyer developed a lump on his left shoulder, which was diagnosed as a lipoma.  Mr. Waltermeyer states that he was seen by a non-prison doctor who told him that he would need surgery to remove the lipoma.

2

**Supp. App. 3**

Mr. Waltermeyer alleges that during the times he was in BOP custody prior to his arrival at FCI Berlin, a number of individuals, identified in the TAC as John Doe/Jane Roe defendants, failed to provide him with constitutionally adequate medical care for the lipoma on his shoulder, his chronic knee problems, and his Hepatitis C, or for the pain caused by those conditions. As a result, he states, he has suffered lasting physical and mental harm.

B. FCI Berlin – May 3, 2018–July 25, 2019

Here, Mr. Waltermeyer claims violations of his Eighth Amendment right to receive adequate medical care for his shoulder, knees, and Hepatitis C, while incarcerated at FCI Berlin between May 3, 2018 and July 25, 2019. Specifically, he has identified the FCI Berlin defendants in this case as Warden Hazelwood, Dr. Kistler, and John Does/Jane Roes who Mr. Waltermeyer asserts are members of the FCI Berlin Utilization Review Committee ("URC"), which is a body made up of the FCI Berlin Health Services Clinical Director, Administrator, and others.[1]  Mr. Waltermeyer states that, other than Dr. Kistler, he

---

[1] Every federal prison has a URC chaired by the Clinical Director at that facility, including, but not limited to: the Health Services Administrator, Medical Trip Coordinator, Health care provider(s) directly involved in the reviewed cases, Director of Nursing, and a chaplain or social worker. See BOP Program Statement 6031.04, § 8 (2013). The URC reviews, among

**Supp. App. 4**

does not know who sat on the FCI Berlin URC while he was incarcerated at that facility, and therefore has identified those individuals as John Doe/Jane Roe defendants.

Mr. Waltermeyer asserts that Warden Hazelton and Dr. Kistler were both aware of his serious medical need for treatment for his shoulder, knees, and Hepatitis C, since at least September 2018.  Despite that knowledge, Mr. Waltermeyer claims that Warden Hazelton, Dr. Kistler, and unidentified members of the FCI Berlin URC denied him treatment for those conditions, or caused such treatment to be denied.

Mr. Waltermeyer states that Dr. Kistler told him that he could not receive any treatment for Hepatitis C because his liver function levels were not sufficiently elevated to meet the BOP's requirement for eligibility for Hepatitis C treatment. Mr. Waltermeyer claims, however, that during all of the time he has spent in BOP custody since his 2003 Hepatitis C diagnosis, his liver function levels exceeded the BOP's threshold for treatment, except that on one occasion in June 2018 his liver function test levels were below that threshold.  Mr. Waltermeyer states that in response to his complaint to Dr. Kistler of pain in his liver, Dr. Kistler repeatedly told him that he would have

---

other things, outside medical and surgical procedures, and evaluations by medical specialists.  See id.

**Supp. App. 5**

to learn to deal with the pain, and continued to refuse to treat him for either Hepatitis C or pain.[2]

Regarding the lipoma on his left shoulder, Mr. Waltermeyer states that it developed in 2016, before he arrived at FCI Berlin.  Mr. Waltermeyer alleges that he saw an outside doctor who told him that he would need to have surgery to remove it. At FCI Berlin, the lipoma was "about the size of a hand-ball." Doc. No. 1, at 2.  Mr. Waltermeyer requested that Dr. Kistler arrange for him to have surgery to remove the lipoma, pursuant to the outside doctor's recommendation, because the size and weight of the lipoma was causing him to have numbness in his left hand and/or fingers, and because he was concerned that the mass could be cancerous.  Mr. Waltermeyer alleges that Dr. Kistler ignored the information provided by the outside doctor and denied his request for surgery.  Mr. Waltermeyer further claims that, because he did not receive surgery or any other treatment for his lipoma, it began to grow at an alarming rate while he was at FCI Berlin.  As a result, he asserts, he

---

[2] After Mr. Waltermeyer filed this action, he was deemed qualified for Hepatitis C treatment.  Mr. Waltermeyer was transferred to the Federal Corrections Complex Coleman Low ("FCC Coleman"), "ostensibly so he could be at 'a facility capable of treating his medical conditions.'" Doc. No. 28, at 1 (citing Defs.' Notice of Transfer (Doc. No. 15, at 1)).

**Supp. App. 6**

suffered numbness, extreme pain, and a loss of mobility in his shoulder.

While he was at FCI Berlin, Mr. Waltermeyer states he experienced extreme chronic pain in both of his knees which limited his ability to walk and sit, and interfered significantly with his sleep.  Dr. Kistler diagnosed Mr. Waltermeyer with degenerative bone disease in both of his knees. While he was at FCI Berlin, Mr. Waltermeyer saw an outside orthopedic specialist who stated that both of his knees would need to be replaced, but felt that Mr. Waltermeyer was too young to have that surgery, which is generally not recommended for people under fifty.[3]  Mr. Waltermeyer also asserts that he was not provided with effective treatment for his pain.

At FCI Berlin, Mr. Waltermeyer requested diagnostic imaging be ordered for his knees.  On September 25, 2018, Dr. Kistler examined Mr. Waltermeyer and then requested, and obtained, approval for an MRI, which was performed on December 7, 2018. Mr. Waltermeyer asserts that the MRI results demonstrated that his condition was severe, and that he needed knee replacement surgery, physical therapy and treatment for pain.

---

[3] According to the BOP Inmate Locator, Mr. Waltermeyer is now fifty years old.  https://www.bop.gov/inmateloc/ (last viewed Apr. 11, 2023).

6

**Supp. App. 7**

Mr. Waltermeyer also requested cortisone injections in his knees for pain treatment.  Dr. Kistler approved Mr. Waltermeyer to receive those injections, but, he states, he did not receive them every month, which is the frequency he states was necessary to effectively reduce his pain.

Mr. Waltermeyer asked Dr. Kistler to approve knee replacement surgy for him despite his age, stating that in his particular circumstances, the benefits of having the surgery before he turned fifty outweighed any risk associated with the surgery.  Dr. Kistler did not approve surgery, citing the outside doctor's recommendation against performing that procedure on a person under fifty.  Instead, Mr. Waltermeyer was treated at FCI Berlin with pain medication, special shoes, knee braces, cortisone shots, access to a low bunk, and a cane, all of which, he claims, were ineffective to correct his condition or relieve his pain.

C.   FCC Coleman -- October 2019-Present

Mr. Waltermeyer was transferred out of FCI Berlin on July 25, 2019, and sent to FCC Coleman because, where he arrived in October 2019.  He was transferred there because FCC Coleman Low, unlike FCI Berlin, FCC Coleman is able to provide him with treatment for Hepatitis C.  In addition to his claims arising out of his confinement at FCI Berlin, Mr. Waltermeyer has

7

**Supp. App. 8**

asserted similar violations of his Eighth Amendment right to
adequate medical care against FCC Coleman defendants Warden
Spears (whose first name is unknown), Director of Health
Services C. Donato, and unknown John Doe/Jane Roe members of FCC
Coleman's URC, so identified because he does not have access to
their names.

Mr. Waltermeyer alleges that at FCC Coleman, he is
receiving ibuprofen and steroid injections in his knees, but
that both the condition of his knees and his pain have become so
severe that those treatments are ineffective.  He also asserts
that while he has been given certain accommodations to maximize
his mobility, he has been denied others that he needs.  Mr.
Waltermeyer asserts that the FCC Coleman Low defendants' failure
to provide him with adequate medical care has caused him
permanent physical damage as well as mental, emotional, and
psychological pain and suffering.


II.  Procedural History

The Court directed service of Mr. Waltermeyer's original
complaint (Doc. No. 1) on the two defendants named therein,
Warden Hazelwood and Dr. Kistler.  See May 14, 2019 Order (Doc.
No. 5).  The defendants filed a motion to dismiss (Doc. No. 15)
the complaint in its entirety, arguing that: (1) Mr. Waltermeyer

Supp. App. 9

had sought only injunctive relief therein, which is not available in a <u>Bivens</u> action; and (2) because Mr. Waltermeyer's transfer to FCC Coleman Low rendered his request for injunctive relief moot.

Mr. Waltermeyer then filed an amended complaint (Doc. No. 20) seeking only damages.  As a result, the defendants' motion to dismiss was denied pursuant to LR 15.1(c).[4]

After preliminary review of Mr. Waltermeyer's amended complaint, the undersigned Magistrate Judge issued an Order (Doc. No. 22) directing the defendants to file an answer and an R&R[5] (Doc. No. 21) identifying the following three claims for damages to be served on the named defendants in their individual capacities:

> 1.  Warden Robert Hazlewood and Dr. Diane Kistler violated Mr. Waltermeyer's Eighth Amendment rights, in that they refused to provide needed treatment to Mr. Waltermeyer for Hepatitis C, causing him memory loss, stomach problems, aching and weakened joints, and constant fatigue.
>
> 2.  Warden Robert Hazlewood and Dr. Diane Kistler violated Mr. Waltermeyer's Eighth Amendment rights, in that they

---

[4] LR 15.1(c) states, in relevant part:

When a plaintiff files an amended complaint as of right or with leave of court after the filing of a motion to dismiss for failure to state a claim, the motion to dismiss shall be automatically denied without prejudice and the defendant(s) shall respond to the amended complaint as may be appropriate . . ..

[5] As noted above, in an Order issued this date, the Court vacates the June 6, 2022 R&R.

**Supp. App. 10**

refused to order surgery for the lipoma on Mr. Waltermeyer's shoulder, allowing the lipoma to grow larger, causing a limitation in the movement of Mr. Waltermeyer's left shoulder, and disrupting his sleep.

3.   Warden Robert Hazlewood and Dr. Diane Kistler violated Mr. Waltermeyer's Eighth Amendment rights, in that they have failed to provide needed medical care and treatment in response to Mr. Waltermeyer's complaints of excruciating pain in his knees, limiting Mr. Waltermeyer's movement, creating the necessity for steroid injections, and causing permanent physical damage which will require knee replacements.

Doc. No. 21, at 4.

In that R&R, this Court also recommended the dismissal of all the John Doe/Jane Roe defendants, because Mr. Waltermeyer "ha[d] not alleged specific facts against any unnamed 'Doe' or 'Roe' defendant which are sufficient to state a claim upon which relief might be granted as to those defendants."  Doc. No. 21, at 5.  The Court recommended that the Doe/Roe defendants be dismissed:

without prejudice to Mr. Waltermeyer's ability to move to add appropriate defendants to this case if he is able to obtain, through discovery, the names of such defendants and can assert sufficient facts with regard to those defendants to support an Eighth Amendment claim upon which relief might be granted.

Doc. No. 21, at 6.

Mr. Waltermeyer filed an objection (Doc. No. 27) to that R&R and a "Motion Requesting permissive Joinder and Dropping of Parties" (Doc. No. 28).  The defendants filed an objection (Doc.

No. 29) to the motion for joinder and Mr. Waltermeyer filed a
reply (Doc. No. 30) to that objection.

## <u>Discussion</u>

I.   <u>Request to Drop Claims</u>

In Document No. 27, which the Court has identified as a
complaint addendum, Mr. Waltermeyer states that since filing
this action, he has received treatment for his Hepatitis C and
the lipoma on his shoulder.  Mr. Waltermeyer asks the Court to
allow him to drop the claims identified above as Claims 1 and 2,
"so that the parties may focus on the sole remaining claim,
Claim 3," concerning his knees.  Doc. No. 27, at 2.

"'A plaintiff wishing to eliminate particular claims or
issues from the action should amend the complaint under Rule
15(a).'"  <u>Shwachman v. Town of Hopedale</u>, 540 F. Supp. 3d 134,
139-40 (D. Mass. 2021) (citation omitted).  ("The court should
freely give leave [to amend a pleading] when justice so
requires."  Fed. R. Civ. P. 15(a)(2).  As Mr. Waltermeyer has
provided a sensible rationale for requesting to drop Claims 1
and 2, that is not contrary to the interests of justice, the
District Judge should grant Mr. Waltermeyer's request and drop
those claims from this action.  <u>See</u> Fed. R. Civ. P. 15(a)(2)).

**Supp. App. 12**

II.   Motion for Permissive Joinder and Dropping of Parties

    A.   Legal Standard

Where a proposed amendment seeks to join a party, that request is "'governed by Rule 21, which provides that the court may at any time, on just terms, add or drop a party.'" Gigunda Grp., Inc. v. Creative Collective Grp., No. 15-cv-104-LM, 2015 WL 6872281, at *1, 2015 U.S. Dist. LEXIS 151771 (D.N.H. Nov. 9, 2015) (citation omitted).  "'[T]he same standard of liberality applies'" under both Rule 15(a) and Rule 21. Id. (citation omitted).  "[C]ourts freely give leave to amend where justice so requires, unless the amendment would be futile or reward undue delay." Hornof v. United States, No. 2:19-cv-00198-JDL, 2021 U.S. Dist. LEXIS 79853, at *2, 2021 WL 1651193, at *1 (D. Me. Apr. 27, 2021).

    B.   Joinder of FCC Coleman Low Claims and Defendants

Mr. Waltermeyer seeks to join named and unnamed individuals employed at FCC Coleman to this action, and to drop Warden Hazelton and Dr. Kistler from this action.  In other words, Mr. Waltermeyer is asking the Court to allow him to continue litigating this case, in this Court, and to replace the FCI Berlin defendants with FCC Coleman Low defendants.  While Mr. Waltermeyer appears to be abandoning this case, it is not clear

**Supp. App. 13**

to the Court that he is aware of the consequences of the relief
he requests.

In this case, Mr. Waltermeyer has asserted that he is
entitled to money damages because, during the time he was
incarcerated at FCI Berlin, Warden Hazelton and Dr. Kistler
engaged in certain acts or omissions which violated his right to
receive medical care under the Eighth Amendment. Claims against
the FCI Berlin defendants concerning their acts and omissions
are not transferable to the individuals who hold their positions
at FCC Coleman. To the extent Mr. Waltermeyer seeks to continue
to pursue Claim 3, as identified in this R&R, therefore, those
claims must remain against the FCI Berlin defendants identified
therein.

The court further notes that it cannot join the FCC Coleman
Low defendants to this action because it lacks personal
jurisdiction over them. See Trujillo v. Williams, 465 F.3d
1210, 1217 (10th Cir. 2006) (holding, in suit by pro se
prisoner, that court may sua sponte consider lack of personal
jurisdiction when the defense is "obvious on the face of the
complaint"). Mr. Waltermeyer has not alleged any facts
supporting this Court's exercise of personal jurisdiction over
individuals located in Florida. See Banks v. Partyka, No. CIV-
07-0331-F, 2007 WL 2693180, at *5-6 (W.D. Okla. Sept. 11, 2007)

**Supp. App. 14**

(dismissing pro se prisoner's <u>Bivens</u> action against North
Carolina prison psychologist because court lacked personal
jurisdiction over defendant).  This court therefore lacks
jurisdiction to grant relief on defendant's putative <u>Bivens</u>
action for inadequate medical care to the extent he seeks to
hold FCC Coleman defendants liable for the alleged denial of
adequate medical care at FCI Berlin.

Similarly, venue is proper in "a judicial district in which
any defendant resides if all residents are residents of the
State in which the district is located, [or] a judicial district
in which a substntial part of the events or omissionss giving
tise to the claim occurred . . .."  28 U.S.C. § 1391(b)(1)-(2).
"When a case is filed in an improper venue, the court meay
either dismiss it or transfer it to a more appropriate district
if doing so serves 'the interests of justice.'"  <u>Bobola v.
Fishing Vessel Expectation</u>, No. 15-cv-296-PB, 2016 DNH 077, 2016
U.S. Dist. LEXIS 45405, at *2, 2016 WL 1312529, at *1-2, (D.N.H.
Apr. 4, 2016).  This Court provides the appropriate venue for
the litigation of Mr. Waltermeyer's claims against the FCI
Berlin defendants, which arise out of events which occurred in
New Hampshire.  However, as all of the claims giving rise to the
claims against the FCC Coleman Low defendants occurred in

**Supp. App. 15**

Florida, where those defendants are located, this Court is not the proper venue to litigate those claims.

For these reasons, the District Judge should deny Mr. Waltermeyer's motion to the extent it seeks to join any named or unnamed FCC Coleman employee as a defendant to this action, and should deny his request to add claims to this action which arise out of events which occurred in Florida, as they are futile. The denial of those requests should be entered without prejudice to Mr. Waltermeyer's ability to bring an action asserting such claims against FCC Coleman Low personnel in a court of competent jurisdiction.

C.   <u>Dropping FCI Berlin Defendants</u>

Mr. Waltermeyer asks to drop Warden Hazelwood and Dr. Kistler from this action, apparently under the assumption that his case can proceed against FCC Coleman defendants who hold the same positions at that facility as Warden Hazelwood and Dr. Kistler do at FCI Berlin.  It does not appear that Mr. Waltermeyer wants to drop Claim 3, however, which is asserted against those defendants.  Accordingly, in order to protect the rights of the pro se plaintiff, the District Judge should deny the motion to the extent it seeks to drop the FCI Berlin defendants from this action without prejudice to Mr.

**Supp. App. 16**

Waltermeyer's ability to again move to drop them, acknowledging that doing so would cause Claim 3 to be dismissed.

III. <u>Preliminary Review</u>[6]

    A.   <u>Warden Hazelwood and Dr. Kistler</u>

The Court has previously served Warden Hazelwood and Dr. Kistler with Claim 3.  Nothing in the TAC changes the Court's position that service of that claim on those defendants is appropriate.  In an Order issued this date, the Court will grant Warden Hazelwood and Dr. Kistler the opportunity to file an answer or otherwise respond to the TAC.

    B.   <u>John Doe/Jane Roe Defendants</u>

        1.   <u>FCI Berlin</u>

Mr. Waltermeyer alleges that members of the URC at FCI Berlin violated his rights by denying him medical treatment. Mr. Waltermeyer has not alleged any facts, however, showing that any particular request was presented to the URC and denied, or that any URC member who may have denied a request was acting with deliberate indifference to Mr. Waltermeyer's serious medical needs.  If Mr. Waltermeyer were to obtain such information during discovery in this matter, he could move to

---

[6] The Court applies the preliminary review standard set forth in the June 16, 2022 R&R (Doc. No. 21, at 1-2).

amend his complaint to join those defendants at that time.  At
this time, Mr. Waltermeyer has failed to state sufficient facts
against the unnamed John Doe/Jane Roe FCI Berlin URC members to
state a claim for relief.

    2.  <u>2003 –May 2, 2018</u>

Mr. Waltermeyer asserts that all of the Doe/Roe defendants
at FCI Berlin and FCC Coleman are members of the URCs at those
facilities.  Mr. Waltermeyer, in his filings, also refers to
other John Doe/Jane Roe defendants at facilities where he was
incarcerated prior to arriving at FCI Berlin on May 3, 2018, in
Indiana, Kansas, and Wisconsin.

As stated above, the Court does not have personal
jurisdiction over defendants in other districts concerning
matters that occurred in those districts.  Additionally, this
Court is not the appropriate venue for such claims.
Accordingly, the District Judge should dismiss all of Mr.
Waltermeyer's claims against Doe/Roe defendants arising out of
events which occurred in federal prison facilities in Indiana,
Kansas, and Wisconsin.


## Conclusion

For the foregoing reasons, the District Judge should:

**Supp. App. 18**

1.   Grant Mr. Waltermeyer's request to drop Claims 1 and 2 from this action;

2.   Deny Mr. Waltermeyer's "Motion Requesting Permissive Joinder and Dropping of Parties" (Doc. No. 28), without prejudice.

3.   Dismiss all claims against any John Doe/Jane Roe defendants in this action, without prejudice.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file any objection within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in the objection(s) to this Report and Recommendation "'are subject to review in the district court.'"  Id.  Additionally, any issues "'not preserved by such objection are precluded on appeal.'"  Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 13, 2023

cc:  Broc T. Waltermeyer, pro se
     T. David Plourde, Esq.
     Michael T. McCormack, Esq.

**Supp. App. 19**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Broc T. Waltermeyer

     v.                                   Case No. 19-cv-233-LM

FCI Berlin, Warden

ORDER

No objection having been filed, I herewith approve the Report and Recommendation of Magistrate Judge Andrea K. Johnstone dated April 13, 2023 .  "'[O]nly those issues fairly raised by the objections to the magistrate's report are subject to review in the district court and those not preserved by such objection are precluded on appeal.'" School Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Secretary of Health & Human Servs., 848 F.2d 271, 275 (1st Cir.1988)); see also United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986) (after proper notice, failure to file a specific objection to magistrate's report will waive the right to appeal).

                                               Landya B. McCafferty
                                               United States District Judge

Date: May 26, 2023

cc: Broc T. Waltermeyer, pro se
    Counsel of Record